UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONTE CURRY,<br><br>    Plaintiff,<br><br>        v.<br><br>BRIAN MARTIN, *et al.*,<br><br>    Defendants. | CAUSE NO. 1:24-CV-472-CCB-SJF |

## OPINION AND ORDER

Donte Curry, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983.[1] (ECF 28.) Under 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Curry is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] The case was originally filed in state court and was removed by the defendants. (ECF 1-3.)

1

In June 2022, while Curry was an inmate at an Indiana Department of Correction ("IDOC") facility, a warrant was issued for his arrest in connection with the 2015 shooting death of Harold Harrington.[2] On July 8, 2022, he appeared before a judge and was arraigned on a charge of murder. A jury trial was held in January 2023, and Curry was acquitted of the charge. He claims that Fort Wayne Police Detectives Brian Martin and Cary Young "fabricated false statements" and ignored evidence that exonerated him when they obtained the arrest warrant and caused the murder charge to be filed against him. He claims their actions, as well as those of Fort Wayne Police Chief Scott Caudill and prosecutor Michael McAlexander, resulted in him having to stand trial for a "groundless" charge. He sues these individuals, as well as the City of Fort Wayne, for false arrest and malicious prosecution. He seeks $8 million in damages and other relief.

The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, protects individuals from an arrest without probable cause. *Dollard v. Whisenand*, 946 F.3d 342, 353–54 (7th Cir. 2019). "Probable cause exists to arrest a suspect if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Id.* at 354 (citation omitted). When a police officer, acting in good faith, obtains a warrant and acts within its scope, he is shielded from liability. *Knox v. Smith*, 342 F.3d

---

[2] Public records reflect that Curry is currently in custody for a 2024 offense that is unrelated to his claims in this lawsuit. *See State v. Curry*, 02D04-2406-F2-000032 (Allen Sup. Ct. closed Nov. 15, 2024). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

651, 657-58 (7th Cir. 2003). However, an officer is not shielded from liability if he "submitted an affidavit that contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth and no accurate information sufficient to constitute probable cause attended the false statements." *Brooks v. City of Aurora, Ill.*, 653 F.3d 478, 483 (7th Cir. 2011) (citation and internal quotation marks omitted).

There is a threshold problem with Curry's false arrest claim. Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). However, "the accrual date of a § 1983 cause of action is a question of federal law[.]" *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under federal law, a claim for false arrest accrues—and the statute of limitations begins running—upon initiation of legal process. *Id.* at 390 ("If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."); *see also Savory v. Cannon*, 947 F.3d 409, 413 (7th Cir. 2020) (en banc).

Curry asserts in his amended complaint that he appeared for an initial hearing on the murder charge on July 8, 2022.[3] (ECF 28 at 3.) The two-year limitations period for

---

[3] The public docket reflects that the initial hearing occurred on July 11, 2022. *State v. Curry,* No. 02D06-2206-MR-0010 (Allen Sup. Ct. closed Feb. 2, 2023). Using either date, his false arrest claim is untimely for the reasons explained above.

3

his false arrest claim began running on that date. *Wallace*, 549 U.S. at 390. His original complaint was tendered for filing on August 1, 2024, more than two years later.[4] (ECF 3 at 6.) Although untimeliness is an affirmative defense, dismissal at the pleading stage is permitted where it is evident from the face of the complaint that the claim is untimely. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied as to the false arrest claim.

A malicious prosecution claim, however, does not accrue until the criminal proceeding terminates without a conviction. *Thompson v. Clark*, 596 U.S. 36, 44 (2022); *McDonough v. Smith*, 588 U.S. 109, 124 (2019). Thus, Curry's malicious prosecution claim accrued in January 2023, when he was acquitted of the murder charge. His original complaint filed in August 2024 was therefore timely as to this claim.

Malicious prosecution is actionable under the Fourth Amendment when a plaintiff is "charged [] without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024); *see also Thompson*, 596 U.S. at 44. To state a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must satisfy the elements of a state law cause of action for malicious prosecution, and must additionally allege that the conduct was committed by state actors, and that he

---

[4] The court presumes for purposes of this opinion that the present pleading, filed in April 2025, "relates back" to Curry's original complaint filed in state court, as it involves the same defendants and events. *See* Fed. R. Civ. P. 15(c). The court notes that Curry dated his original complaint August 1, 2024, but it was not received by the state court for filing until October 7, 2024, some two months later. The reason for the excessive delay is unclear. A letter Curry sent to the court clerk suggests he may not have mailed the complaint until late September 2024. *See Curry v. Martin, et al.*, 02D02-2410-CT-000657 (Allen Sup. Ct. filing dated Oct. 7, 2024). In either case, the complaint was filed more than two years after the claim accrued.

4

was deprived of liberty as a result. *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014). Under Indiana law, "the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Id.* (citation omitted). Malice may be shown "by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances." *Id.*

Curry alleges that the two police detectives procured false criminal charges against him, knowing he did not commit the crime. He claims they ignored facts which "cleared" him and fabricated evidence to make him appear guilty. He was ultimately acquitted of the charge. He has satisfied elements one through four above, and it is also evident from his allegations that the two detectives were acting under color of law at the time of these events.

There is a complicating factor as to the remaining element, whether Curry was "deprived of liberty" as a result of the officers' actions. *Welton*, 770 F.3d at 674. Curry claims the officers' actions resulted in a "loss of personal freedom," but he also makes clear that he was "doing prison time" at an IDOC facility for an unrelated offense when the murder charge was filed. (ECF 28 at 3.) Curry has a complex criminal history, and it is unclear from the information before the court whether he completed his sentence for

this unrelated charge before the murder charge was dismissed.[5] If not, he may have been in custody regardless of the officers' actions. He asserts that he was taken to Allen County Jail and had to "post bail" after he was arraigned on the murder charge, but it is unclear whether this resulted in his release into the community or simply his return to the IDOC facility to continue serving his other sentence. Nevertheless, at this stage, the court must construe the facts in Curry's favor, and he has alleged enough to proceed further on a malicious prosecution claim against the two detectives. This issue is more appropriately resolved at a later stage when the facts relevant to his incarceration can be fully developed.

He also names Chief Caudill as a defendant, but there is insufficient factual content to plausibly suggest this high-ranking official was personally involved in the murder investigation. He appears to be trying to hold the Chief liable as the detectives' employer, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). The Chief cannot be held liable for damages solely because of his position. *Id.* Curry makes a vague assertion that Chief Caudill was engaged in a "conspiracy" with the detectives, but he does not elaborate. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is

---

[5] He appears to be referring to *State v. Curry*, 02D04-1905-F6-638 (Allen Sup. Ct. closed Dec. 20, 2019), in which he was sentenced to serve two years for resisting law enforcement. Although the sentence was imposed in 2019, it was ordered to be served consecutively to a sentence imposed in *State v. Curry*, 02D04-1702-F3-7 (Allen Sup. Ct. closed Feb. 1, 2018). In that case, Curry was originally sentenced to a suspended term of incarceration and probation for drug offenses, but in 2020 his probation was revoked and he was ordered to serve five years in prison. *Id.* It is unknown when he completed these sentences.

not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010); *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("bare" assertion of a conspiracy is not enough to survive dismissal at the pleading stage).

He further alleges that Chief Caudill did not "adequately train" the detectives, but a claim of "'failure to train' is available only in limited circumstances." *Cornfield by Lewis v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). Curry would need to plausibly allege that Chief Caudill "failed to provide further training after learning of a pattern of constitutional violations involving the exercise of police discretion." *Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir. 1997). He does not include such allegations, and instead describes a one-time occurrence of alleged misconduct by the detectives in his case. Although in rare situations a "single violation of federal rights" may give rise to a failure-to-train claim, that is only when "a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Flores v. City of S. Bend*, 997 F.3d 725, 733 (7th Cir. 2021). Curry does not describe the detectives' failings in a way that would suggest an obvious potential for recurring violations. Instead, he appears to claim the detectives wanted to charge him with murder, no matter the evidence, because of some personal vendetta unique to him. He will not be permitted to proceed against Chief Caudill.

He also sues the prosecutor for pursuing the murder charge. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil

suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). That is true even if Curry believes there was no basis for the charge. *Imbler*, 424 U.S. at 431; *see also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (citation and internal quotation marks omitted)). He will not be permitted to proceed on a claim against the prosecutor.

Finally, he sues the City of Fort Wayne, invoking *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Under *Monell*, a governmental entity "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). To allege a plausible *Monell* claim, the plaintiff must describe an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Curry includes boilerplate allegations indicating that he wishes to pursue a *Monell* claim, but he does not identify an official policy of the City of Fort Wayne that caused him injury. Nor does he include factual content permitting a reasonable

8

inference that the City of Fort Wayne has a widespread custom of unconstitutional conduct. Instead, he describes an isolated incident of wrongdoing by the detectives who investigated his case. "Allegations that officers sometimes [violate the law] do not show a sufficiently specific pattern of conduct to support the general allegation of a custom or policy." *Flores v. City of S. Bend*, 997 F.3d 725, 733 (7th Cir. 2021). "Finding otherwise would stretch the law too far, opening municipalities to liability for noncodified customs in all but the rarest of occasions, as long as a plaintiff can find a few sporadic examples of an improper behavior." *Id.* Curry has not alleged a plausible *Monell* claim against the City of Fort Wayne.[6]

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Fort Wayne Police Detectives Brian Martin and Cary Young for maliciously causing a false murder charge to be brought against him in violation of the Fourth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Scott Caudill, City of Fort Wayne, and Michael McAlexander as defendants; and

---

[6] Curry makes a passing reference to "Equal Protection," the Fifth Amendment, and the Eighth Amendment in his amended complaint. (ECF 28 at 7.) He does not elaborate on the basis of such claims, and the court cannot discern how his allegations trigger a viable claim under these constitutional provisions. His allegations are more appropriately analyzed in the context of the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (constitutional claims must be analyzed under the most "explicit textual source of constitutional protection").

(4) **ORDERS** Detectives Brian Martin and Cary Young to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 2, 2025.

                                          /s/*Cristal C. Brisco*
                                          CRISTAL C. BRISCO, JUDGE
                                          UNITED STATES DISTRICT COURT